[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 6, 1992 Date of Application March 6, 1992 Date Application Filed March 16, 1992 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield. Docket No. CR91-60685;
Joseph Belinkie, Esq. Defense Counsel, for Petitioner.
Jonathan C. Benedict, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of attempted assault in the first degree in violation of Connecticut General Statutes §§ 53a-49(a)(2) and 53a-59(1)(1); assault in the second degree in violation of Connecticut General Statutes § 53a-60(a)(2) and carrying a pistol without a permit in violation of Connecticut General Statutes §§ 29-35
and 29-37. On the charge of attempted assault in the first degree a sentence of eighteen years execution suspended after twelve years with five years probation was imposed. Concurrent sentences of five years each were imposed on the other two counts. The total effective sentence was eighteen years execution suspended after twelve years and five years probation.
The facts underlying petitioner's conviction indicate that petitioner was involved in an altercation with a young man at a high school in Fairfield. During the course of the altercation petitioner pulled out a gun and fired one shot which missed the intended victim travelled through a hallway door striking and wounding a school employee. Petitioner then fled the scene. CT Page 6581-G
In arguing for a reduction in sentence, petitioner's attorney claims that he was innocent of the charge and did not fire the shot. The attorney also claimed that the individual who was fighting with petitioner was much bigger and that only one shot was fired indicating that there was no intent to cause serious physical injury. The attorney further stated that petitioner has certain mental disabilities and learning problems. It was also stated that the presentence investigation indicated a change in petitioner's attitude after his conviction. The attorney claimed that under all these circumstances the sentence imposed was unduly harsh and should be reduced. Speaking on his own behalf, petitioner stressed his innocence of the charge and that he did not fire the shot.
The state's attorney argued against any reduction in sentence. He stated that the sentence was moderate and pointed out petitioner's criminal record.
It should be noted that it is not the function of this division to consider the guilt or innocence of the petitioner. Our function is limited to determining whether or not, under the circumstances, the sentence was appropriate. The sentencing judge here was required to impose sentence on a young man who had been convicted of serious offenses involving the use of a deadly weapon. At the time of petitioner's conviction for these offenses, his criminal record indicated seven other convictions. His criminal record also indicated that he had not done well on probation or supervised home release.
Under the circumstances it cannot be found that the sentence imposed was inappropriate or disproportionate. The sentence should not be modified.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this CT Page 6581-H decision.